# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARIA KISHEL | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. 3:08-cv-1585 |
| v. | : | |
| VALLEY VIEW SCHOOL DISTRICT | : | (JUDGE CAPUTO) |
| and | : | |
| JOSEPH M. DALEY | : | (MAGISTRATE JUDGE MANNION) |
| Defendants | : | |

## MEMORANDUM

Presently before the Court are Magistrate Judge Mannion's Report and Recommendation ("R & R") of August 27, 2010 (Doc. 28) and Plaintiff Maria Kishel's Objections to the Magistrate Judge's R&R (Doc. 29). Magistrate Judge Mannion recommended that Defendant's Motion for Summary Judgment (Doc. 17) be granted. This Court will adopt Magistrate Judge Mannion's recommendation and grant Summary Judgment in favor of Defendants on all counts for the reasons discussed more fully below.

## BACKGROUND

Plaintiff Maria Kishel filed her Complaint on August 23, 2008. (Doc. 1.) In her Complaint, Plaintiff alleged that she works for the Valley View School District as an Assistant Principal for the Intermediate School. (Doc. 1, ¶10.) She further alleged that she worked for the Valley View School District for over seventeen years. (Id. at ¶ 12.) Plaintiff claimed that on or about November 3, 2006, she applied for a Principal position at the High School. (Id. at ¶ 13.) Although qualified for the position, Plaintiff claimed that she was passed over for a male, James Timmons, who was selected for the position. (Id. at ¶ 17.) On or around

December 11, 2006, at a School Board meeting in which James Timmons was selected for the High School Principal position, the Board also moved to hire Brian Durkin as the Assistant Principal of the High School. (Id. at ¶ ¶ 18-19.) Plaintiff alleged that there was no posting for the Assistant Principal position and that she was more qualified than Mr. Durkin. (Id. at ¶ ¶ 20-21.) At the Board meeting, Plaintiff claimed she spoke out about the hiring process and how the Assistant Principal position had not been advertised. (Id. at ¶ 24.) The next day, Plaintiff alleged that she was summoned into Defendant Daley's office and retaliated against for speaking out at the Board meeting. Specifically, Defendant Daley said to the Plaintiff "that he could have made a bigger fool of [her] last night, and that [she] was no longer being considered for positions due to [her] comments at the Board meeting." (Id. at ¶26.)

In Count I of her Complaint, Plaintiff alleged gender discrimination in violation of Title VII, the PHRA, and § 1983. (Id at ¶ ¶ 27-32.) Plaintiff claimed Defendants have a history of not hiring women for the Principal position at the High School, and further that she was discriminated against because of her gender when the Defendants failed to follow proper procedures and hired a male with no Principal experience for the Assistant Principal position. (Id. at ¶ ¶ 28-30.)

In Count II of her Complaint, Plaintiff alleged First Amendment retaliation in violation of § 1983. (Id. at ¶ 33-37.) Specifically, Plaintiff claimed she was speaking as a citizen at the School Board meeting and that the improper hiring practices were a matter of public concern. (Id. at ¶ ¶ 34-35.) Plaintiff alleged that the day after the Board meeting, she was summoned into Defendant Daley's office and told that by Defendant Daley that "he could have made a bigger fool of [her] last night, and that [she] was no longer being considered for positions due to [her] comments at the Board meeting." (Id. at ¶ ¶ 36-37.)

Finally, in Count III of her Complaint, Plaintiff claims individual liability against Defendant Daley pursuant to the PHRA. (Id. at ¶ ¶ 38-40.) Plaintiff alleged Defendant Daley, as supervisor, was aiding and abetting Valley View School District in its discrimination of the Plaintiff based on her gender when it failed to hire Plaintiff for the High School Principal position or consider her for the Assistant Principal position. (Id. at ¶ 39.)

Based on the above Claims, Plaintiff sought installment in either the Assistant Principal or Principal position at the Valley View High School, as well as various forms of monetary damages.

Defendants filed a Motion for Summary Judgment on September 15, 2009. (Doc. 17.) Magistrate Judge Mannion's R & R recommending the Motion for Summary Judgment be granted was filed on August 17, 2010 (Doc. 28), and Plaintiff's Objection to the R & R was filed on August 27, 2010 (Doc. 29).

## STANDARD OF REVIEW

**I.      Objections to the Report and Recommendation**

Where objections to the magistrate judge's report are filed, the Court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). In making its *de novo* review, the Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the statute permits the

3

Court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the Court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

**II.     Summary Judgment**

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one. *Id.* An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party." *Id*.

Where there is a material fact in dispute, the moving party has the initial burden of proving that: (1) there is no genuine issue of material fact; and (2) the moving party is entitled to judgment as a matter of law. *See* CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL

PRACTICE AND PROCEDURE: CIVIL 2D § 2727 (2d ed. 1983). The moving party may present its own evidence or, where the nonmoving party has the burden of proof, simply point out to the Court that "the nonmoving party has failed to make a sufficient showing of an essential element of her case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the entire record must be examined in the light most favorable to the nonmoving party. *White v. Westinghouse Elec. Co.*, 862 F.2d 56, 59 (3d Cir. 1988). Once the moving party has satisfied its initial burden, the burden shifts to the nonmoving party to either present affirmative evidence supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law. *Anderson*, 477 U.S. at 256-57.

The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

## DISCUSSION

### I. Employment Discrimination

Plaintiff claims that Defendant terminated her employment in violation of Title VII and the PHRA. Both Title VII and the PHRA make it unlawful for an employer to discriminate against an employee on the basis of that employee's race, color, religion, sex or national origin. 42 U.S.C. § 2000e-2(a)(1); 43 P.S. § 955(a). The legal analysis is identical for both

statutes. *Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 469 (3d Cir. 2001) (citing *Goosby v. Johnson & Johnson Med., Inc.*, 228 F.3d 313, 317 n.3 (3d Cir. 2000)).

To withstand a Motion for Summary Judgment on a disparate treatment claim, the plaintiff must establish that her "protected trait played a role in the employer's decision-making process and had a determinative influence on the outcome of that process." *Ulitchney v. Potter*, 2006 WL 1722391, at *2 (M.D.Pa. 2006) (internal citation omitted). Plaintiff can meet this burden with either direct evidence, *see Price Waterhouse v. Hopkins*, 490 U.S. 288 (1989), or circumstantial evidence, *see McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Since Plaintiff has not furnished any direct evidence of gender discrimination, this Court will examine her claims using the three step burden-shifting analysis set forth in *McDonnell Douglas*.

### A. Prima Facie Case

Under the *McDonnell Douglas* framework, the Plaintiff must first establish a prima facie case for employment discrimination by proving that: 1) she was a member of a protected class, 2) she was qualified for the position, 3) she was subjected to an adverse employment decision, and 4) circumstances give rise to an inference of unlawful discrimination. *Waldron v. SL Industries, Inc.*, 56 F.3d 491, 494 (3d Cir. 1995) (citing *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981)).

In this case Plaintiff has clearly met the first three prongs: she is female, was qualified for the positions of High School Principal and Assistant Principal, and was not promoted to either position. Although Defendant contends that the two males who took the positions were better qualified and did better in the interviews than Plaintiff, we must take the facts in the

6

light most favorable to Plaintiff as the non-moving party. Plaintiff states that she was passed over for promotion because of her gender. This is sufficient to create a genuine issue of material fact that there were circumstances that give rise to an inference of discrimination. Therefore, Plaintiff has successfully made out a prima facie case for the purposes of her Title VII\PHRA claim.

### B. Legitimate Non-discriminatory Reason

Having met her burden to prove a prima facie case, the burden shifts to Defendants to articulate a legitimate, non-discriminatory reason for the adverse employment decision. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). An adequate, nondiscriminatory reason for the adverse action taken against Plaintiff serves to "dispel[ ] the inference of discrimination arising from Plaintiff's initial evidence." *Weldon v. Kraft*, 896 F.2d 793, 797 (3d Cir. 1990). To satisfy its burden, Defendant need not prove that the articulated reasons actually motivated its conduct. *Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir. 1994). Rather, Defendant must only introduce "evidence which, taken as true, would permit the conclusion that there was a nondiscriminatory reason" for the adverse employment action. *Id.*

Defendants state that Plaintiff did not receive an offer for either the Principal or Assistant Principal positions at the High School because she had less relevant experience than the two men who were ultimately selected and Plaintiff also didn't do as well as the two men in the interview. Specifically, the Defendants claim that the Hiring Committee felt that the Plaintiff's answers in the interview were too theoretical and impractical in nature and were not as attuned to the day-to-day necessities of running a High School. This is a sufficiently

7

legitimate reason for Defendant to meet its burden.

## C. Pretext

Following Defendant's production of its non-discriminatory reason for terminating Plaintiff's employment, Plaintiff then bears the burden of demonstrating that the alleged legitimate, nondiscriminatory reasons advanced by Defendant are but a pretext, aimed at concealing Defendant's discriminatory motives. *Ezold v. Wolf, Block, Schorr and Solis-Cohen*, 983 F.2d 509, 522 (citing *Burdine*, 450 U.S. at 257). To survive a summary judgment motion, Plaintiff must present "some evidence, direct or circumstantial, from which a factfinder could reasonably either: (1) disbelieve [Defendant's] articulated reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of [Defendant's] action." *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994). "[A]n employer would be entitled to judgment as a matter of law . . . if the plaintiff created only a weak issue of fact as to whether the employer's reason was untrue and there was abundant . . . evidence that no discrimination had occurred." *Goodman v. Pennsylvania Turnpike Commission*, 293 F.3d 655, 673 (3d Cir.2002). However, "the plaintiff cannot simply show that the employer's decision was wrong or mistaken, since the factual dispute at issue is whether discriminatory animus motivated the employer, not whether the employer is wise, shrewd, prudent, or competent." *Fuentes*, 32 F.3d at 765.

Plaintiff has not produced any evidence by which a fact finder could reasonably disbelieve Defendant's proffered reason or believe that invidious discrimination more likely than not motivated Defendants' decision to not offer Plaintiff either the Principal or Assistant Principal positions at the High School. Both men who were offered the positions had

experience as administrators at the high school level, and in letters submitted by members of the Hiring Committee (Def. Aff. 8-16), all of them claim that they were more impressed in the interviews with the two men who ultimately were offered the positions than with the Plaintiff, who they believed was too inexperienced at that juncture to take on the responsibilities of either position.

To combat this evidence, Plaintiff has only stated that she believes she was discriminated against because she was turned down for the two positions in favor of men. When asked directly in her deposition if she had any evidence to substantiate this claim, Plaintiff could only point to her belief that it was the "culture" of the school district to discriminate against women. While this may be sufficient to make out a prima facie case, it is not sufficient to prove pretext. Plaintiff also claims that a woman has never held the High School Principal position at Valley View. That alone, without more, is not enough to create a genuine issue of *material* fact about whether *Plaintiff* was more likely than not not offered the Principal or Assistant Principal positions because of her gender. Plaintiff has not produced any evidence that would suggest that she was not offered either of the positions because of her gender. As such, Plaintiff has not created a genuine issue of material fact that would show that Defendants' legitimate non-discriminatory reason was a pretext for gender or age discrimination. Therefore, summary judgment will be granted in favor of Defendants on Plaintiff's claims of gender discrimination set forth in Counts I and III of her Complaint.

## II. First Amendment Retaliation

Plaintiff has also failed to establish a prima facie case for a First Amendment retaliation claim.

According to the Third Circuit:

> [C]onstitutional retaliation claims are analyzed under a three-part test. Plaintiff must prove (1) that he engaged in constitutionally-protected activity; (2) that the government responded with retaliation; and (3) that the protected activity caused the retaliation.

*Eichenlaub v. Township of Indiana*, 385 F.3d 274, 283 (3d Cir. 2004).

In this case, Plaintiff has not sufficiently established that she was retaliated against in any way. When specifically asked about her retaliation claim in her deposition, Plaintiff stated simply that she *felt* she had not been offered any more opportunities since she had spoken out at the Board meeting, but had no facts to support this feeling. Furthermore, Plaintiff admitted that she did not check the Classified section of the local newspaper, where administrative positions were apparently advertised, and also that she had heard of an opening for Assistant Principal at the high school after the incident at the Board meeting but did not apply.

## **CONCLUSION**

For the foregoing reasons, the Court will adopt Magistrate Judge Mannion's recommendation and grant summary judgment in favor of Defendants on all counts. An appropriate order follows.

| | |
|---|---|
| 11/3/10 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARIA KISHEL | : |
| Plaintiff, | : |
| | : CIVIL ACTION NO. 3:08-cv-1585 |
| v. | : |
| VALLEY VIEW SCHOOL DISTRICT | : |
| and | : |
| JOSEPH M. DALEY, | : (JUDGE CAPUTO) |
| | : (MAGISTRATE JUDGE MANNION) |
| Defendants | : |

## ORDER

**NOW**, this ___3rd___ day of November, 2010, after consideration of Magistrate Judge Mannion's Report and Recommendation (Doc. 28) and of Plaintiff's objections to the Magistrate Judge's Report and Recommendation (Doc. 29), **it is hereby ORDERED** that the Magistrate Judge's Report and Recommendation is **ADOPTED** and Defendants' Motion for Summary Judgment is **GRANTED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge